IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| United States of America, | : | |
|---|---|---|
| Plaintiff, | : | |
| | : | Civil Action No.: L-10-1128 |
| v. | : | |
| $3,156.00 in U.S. Currency, | : | |
| Defendant | : | |

o0o
**MEMORANDUM**

This is a straight civil forfeiture action. Jamar A. Jackson, who was driving alone in a car, was stopped by police because his tags were expired. The officers smelled marijuana smoke and searched both Jackson and his car, seizing two half-smoked marijuana cigars and $3,156 in cash. Jackson was arrested, but he was apparently never prosecuted, at least in this Court. The United States did, however, file the instant civil forfeiture action against the currency ("Defendant currency"), pursuant to 28 U.S.C. § 1345 (2006), 28 U.S.C. § 1355(a) (2006), and 21 U.S.C. § 881(a)(6) (2006).

Jackson attempted to contest the forfeiture. He filed a notice of claim but not the required answer. Hence, the Court granted the Government's Motion to Strike Jackson's claim. See Docket No. 6. Because the time limit for anyone, including Jackson, to file a claim has now expired, no one has standing to contest the forfeiture. The Court also directed the Government to submit, along with a motion for default judgment, additional evidence from which the Court could infer a substantial connection between the defendant currency and illegal drug activity.

1

In response, the Government filed the Motion for Reconsideration now before the Court. Docket No. 7. In its Motion, the Government contends that a default judgment may be entered based solely on the verified complaint, since no party with standing has asserted a valid claim to the Defendant currency. It then cites numerous cases where the court has indeed entered default on the strength of the complaint alone.

The United States correctly observes that the Civil Asset Forfeiture Reform Act, enacted in 2000, requires it to establish the forfeitability at trial by a preponderance of the evidence, and that to initiate a complaint it need only set forth sufficient facts to support a "reasonable belief" that it would be capable of meeting this standard. No longer must the Government demonstrate probable cause in the complaint. Nevertheless, in order to prevail, the Government must be able eventually to prove the grounds of forfeiture by a preponderance of the evidence.

At present, the Government has not met its burden. The verified Complaint states only that a little over $3,000 was found in Jackson's pocket, that he was also in possession of two half-smoked suspected marijuana cigars, that he struggled with police and attempted to destroy one of the cigars, and that he had previously been arrested for unspecified violations of the Controlled Substances Act. Neither the quantity of marijuana nor the sum of money are clearly indicative of distribution. This factor differentiates the instant case from many of the cases cited by the Government, which involve larger sums of money (e.g., $252,300 or $84,615) and other indicia of drug dealing.[1]

---

[1] For example, in *United States v. $252,300.00 in U.S. Currency*, 484 F.3d 1271 (10th Cir. 2007), police found over $250,000 concealed in a compartment defendants claimed they could not open, packaged with rubber bands and plastic bags, much of it in a locked briefcase and smelling strongly of marijuana. In *United States v. $84,615 in U.S. Currency*, 379 F.3d 496 (8th Cir. 2004), police found over $80,000, packaged in vacuum-sealed bags, and noted that the claimant falsely claimed that he could not open his trunk. In *United States v. $117,920.00 in U.S. Currency*, 413 F.3d 826 (8th Cir. 2005), police found over $100,000, packaged in 20 separate bundles, along with a digital scale, Ziploc bags, plastic wrap, and air freshener (all materials used in marijuana packaging). In *United States v. $52,000,*

In its Motion for Reconsideration, the Government adverts to facts that point in the direction of drug distribution. These include allegations (i) that the currency was bundled in a manner typically used by drug dealers, and (ii) that Jackson's small legitimate income was inconsistent with his possession of over $3,000 in cash. These facts do not, however, appear in Special Agent Gwendolyn Price's Declaration.

The Government should submit, no later than December 13, 2010, a revised affidavit containing these and any other additional facts pertinent to the case. The Court will then review the updated record to determine if it meets the required burden of proof.

For the foregoing reasons, the Court will, by separate Order of even date, DENY the United States' Motion for Reconsideration (Docket No. 7).

Dated this 12th day of November, 2010.

/s/
Benson Everett Legg
United States District Judge

---

*More or Less, in U.S. Currency*, 508 F. Supp. 2d 1036, (S.D. Ala. 2007), police found over $50,000 in separate envelopes, noted the defendant's suspicious statements and luggage, established that defendant had no legitimate source of income from which he could have saved that amount of money, and obtained the declaration of a co-conspirator stating that defendant had been involved with the sale and distribution of a variety of illegal drugs. Cases cited from this Court are similarly distinguishable.